## Fell et al. *versus* Bennett et al.

110  181
120  621

1. The record of a former recovery, for a nuisance to the joint possession, in an action by one tenant in common, is admissible in evidence in a subsequent action by both tenants in common for a continuation of the nuisance and is conclusive as to both that the nuisance existed at that time. The defendant cannot object that one of the tenants in common was not joined in the prior action as that objection could only have been raised by a plea in abatement in that action.

2. Every continuation of a nuisance is a ground for a new action, and a declaration covering any one or all of such causes of action is sufficient, although it allege extraneous matter to which a former recovery may be interposed as a bar.

3. A. and B., tenants in common, brought trespass against C. for damages for flooding their joint lands, and in their *narr.* laid the origin of the nuisance in the year 1874 with an allegation that the original act was repeated from time to time down to the beginning of their action. A. had brought a similar action against the same parties in 1877 and recovered damages for this nuisance. This record was offered in evidence for the purpose of making a *prima facie* case. The court admitted the record but refused to admit any further testimony showing the trespass of C. on the ground that the record showed a recovery by A. up to 1878, but no recovery by B. and, as the record stood, the court could not

[Fell *v.* Bennett.]

know how to assess the damages, without an averment in the *narr.* as to the time for which recovery was sought. Plaintiffs then offered to withdraw the record—this was refused; they then repeated their offer of evidence of the trespass of C. coupled with a statement that no damages were claimed by either of them prior to the recovery in the former suit. This the court also refused and directed a verdict for the defendants. *Held* :

(1) That the proofs should have been admitted, the allegations in the *narr.* that the act was continued was equivalent to a *continuando,* and under it the plaintiff was entitled to recover for injuries not embraced in the former suit.

(2) That such an injury could not be treated as several, and that the former recovery by A. was for his co-tenant as well as himself. They both should have been joined in the prior action, but the omission to do so could only have been taken advantage of by a plea in abatement in that suit.

May 20th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ. PAXSON and STERRETT, JJ., absent.

ERROR to the Court of Common Pleas of *Lancaster county :* Of January Term 1885, No. 83.

Trespass, by Charles Fell and Rachel Fell against Edwin Bennett, Josiah P. Lee and Samual T. Lee, to recover damages accruing from January 1st, 1874, to the time of bringing suit, May 17th, 1881, sustained by reason of defendants having raised their dam on property adjoining the plaintiffs' and backing the waters of the Octoraro Creek upon the lands of the plaintiffs, and refusing and neglecting to remedy the same. Plea, not guilty.

On the trial, before PATTERSON, J., plaintiffs first proved title in themselves in common to the land alleged to have been damaged, Charles Fell's interest being three quarters and Rachel Fell's one quarter. Plaintiffs then offered in evidence the record of a former suit brought on August 14th, 1877 by Charles Fell against the same defendants in which he recovered $16 for the flooding of his lands by the raising of defendants' dam in the summer of 1876, at which trial the court charged the jury that plaintiff was only entitled to recover three fourths of the damage. Objected to by defendants as not being the same cause nor between the same parties.

Objection overruled and record admitted, but with the following qualification: "I don't think it would be received under the present condition of things. I don't see any difficulty about admitting the evidence for what it is worth, to that extent, but we don't think, under the pleadings, it will help the plaintiffs any; but we will have to admit it to see whether, under the *narr.*, we can try this case. It is only this record that permits us to know that one of the parties, one of the plaintiffs, has already recovered damages up to a certain

[Fell v. Bennett.]

time—up to September 3d, 1878. Now, stopping with that time, this record gives the court record information that one of these plaintiffs recovered damages before for the same grievance, that they have laid in their *narr.*, and it shows that the other joint plaintiff has never recovered; at least, there is an absence of proof of that kind. We can't permit you to give any testimony as the record stands, because we would not know how to divide and assess the damages—one party going back to 1874 and the other party to 1877 or 1878; and without any explanation or averment on the face of the *narr.* as to the time. I don't see what else the court can do, but to admit this record for what it is worth; but I don't see how that will aid you as plaintiffs; but we will admit this record."

Plaintiffs then offered in evidence a draft of their property, and the defendants' mill dam, showing the location of the nuisance, and proved by the surveyor who prepared it. Objected to by defendants for the reason that it was a record in the former suit and is not admissible under the declarations and pleadings in this suit. Objection sustained and offer excluded. Exception. (First assignment of error.)

Plaintiffs further offered to prove by the testimony of Charles Fell, "that the witness is one of the plaintiffs in this case; that he is the owner of the undivided three fourths of the tract of land on Octoraro Creek, in Little Britain township, Lancaster county, for injuries to which this suit is brought; that Rachel Fell is the owner of one undivided fourth; that it lies on the west side of the Octoraro Creek, extending along the creek between a quarter and half-a-mile; that the defendants have mills on said stream below the property of the plaintiffs; that the defendants have a mill-dam on the stream, and that the breast of their dam is a quarter to a half-a-mile from the land of the plaintiffs; that the witness came to live on this farm, now occupied by him, over 40 years ago, in the lifetime of Benjamin Fell, the devisor of the title; and that Benjamin Fell was in possession of the land in his lifetime, and that the possession of Benjamin Fell was succeeded by the possession of these plaintiffs. That, when the witness came into the possession of the property, the mill was supplied by water from this dam, and was run by Amor Carter, the owner, for a great many years; that when Carter went to make a dam 35 or 40 years ago, it was like a pile of large stones put up there; that that was 35 or 40 years ago; that the dam that was there was washed away frequently; sometimes almost leveled by floods, and sometimes gaps made through it, that the property came into the posession of these defendants—the mill property; that they built and raised the breast of the dam higher than it had ever been before; that

this was done in the year 1876 ; that in 1876 the witness served a notice on the defendants that their dam was too high; that in that year the water was backed further up the stream than it ever had been before; that the water was raised on the land of the plaintiffs about two feet higher than it had been before the dam was raised; that the water was backed farther on the plaintiffs' land; that the dam has continued, up to the time this suit was brought, in its raised condition, and that the water has continued to be backed on the plaintiffs' land, up to the time of the bringing of this suit, causing damage to these plaintiffs ; to show the amount of the damage and the extent of it; to show the extent of the injury, and the amount of land affected by it."

Objected to by the defendants for the reason that "it is evidence, in support of an alleged claim for damages to the property of Charles and Rachel Fell, the plaintiffs in this case. The record of a former trial, in which Charles Fell, one of the present plaintiffs, was plaintiff, Rachel Fell, not being joined as plaintiff, now in evidence, shows that a verdict was obtained and judgment entered thereon, in his favor, against these same defendants, for damages alleged to have been sustained by Charles Fell, by reason of the grievances complained of in the pleadings in this case, and covers the same period." Objection sustained and offer excluded. Exception. (Second assignment of error.)

Plaintiffs then offered to withdraw the record previously admitted in evidence. Objected to by defendants because the record was admitted after argument on their part, was read to the jury, and was now part of the case. Objection sustained. (Third assignment of error.)

Plaintiffs then made the following offer: "The court having admitted testimony that Charles Fell and Rachel Fell, the plaintiffs in this action, have been the owners of the land, for injury to which this suit is brought, for upwards of 30 years, and in possession during all that time, and still in possession, we offer to prove that the defendants erected and built a dam below the land of the plaintiffs, on the Octoraro Creek, which runs through the land of the plaintiffs ; and that, in 1876, the defendants raised their dam some 18 inches, and raised the water in the creek, and backed the water on the plaintiffs' land for the full distance of a half-a-mile through the land of the plaintiffs, thereby causing injury and damage to the land of the plaintiffs, by flooding their meadow, and by other injuries from the said overflow. Objected to by the defendants on the ground that the offer was based on a misstatement of facts, and further, for the objection already given. Objection sustained and offer excluded. Exception. (Fourth assignment of error.)

Plaintiff repeated the same offer, coupled with the offer to withdraw the record already in evidence, and coupled with the statement that no damages are claimed by either of these plaintiffs prior to August 14th, 1877, the date of Charles Fell's suit against these defendants. Objected to by defendants. Objections sustained. Exceptions. (Fifth and sixth assignments of error.)

The court instructed the jury to find for the defendants. Verdict and judgment accordingly for defendants. Plaintiffs took this writ assigning for error the refusal of their offers of evidence as above, and the instruction of the court to find for the defendants.

*Hugh R. Fulton*, (*H. M. North* with him), for plaintiff in error.—This action is brought on the same title for a continuation of the same nuisance as that involved in the former suit, and the draft should have been admitted to show that there had been no alteration in the premises; this would have made out a *prima facie* case for plaintiffs: Kilheffer *v.* Herr, 17 S. & R., 320. It is not essential to the admissibility of a record that the names of the parties should be precisely the same; it is sufficient if they are substantially the same, the same subject-matter being in controversy, and for an injury affecting the same right: Starkie on Evidence, 329; Lloyd *v.* Barr, 1 Jones, 51.

The defendants in this case by their plea of "not guilty," have elected that the matter shall be considered by the jury upon the evidence, and the court erred in withdrawing the facts from their consideration: Starkie on Evidence, 344.

The date of the first verdict was a matter of no consequence; it was the fact of an adjudication upon the same subject-matter, which made the record in the first suit proper evidence: Casebeer *v.* Mowry, 5 P. F. S., 422.

*Walter M. Franklin*, (*Samuel H. Reynolds* with him), for defendants in error.—In all cases where the record of a verdict and judgment in a former action is relied on, it must be between the same parties and on precisely the same subject matter. No persons are bound or benefited by judgments but such as were parties to the suit, and none can be considered parties but those who appear by the record to be such: Kilheffer *v.* Herr, 17 Sergeant and Rawle, 319; Marsh *v.* Pier, 4 Rawle, 273; Long *v.* Long, 5 Watts, 102; Smith *v.* Elliott, 9 Barr, 345.

The record of a former suit having been admitted in evidence, the court was clearly right in ruling out evidence offered to sustain the present suit for damages running back

[Fell *v.* Bennett.]

over the same period, and also a subsequent period, by parties other than the party plaintiff in the first suit.

The suggestion to withdraw the former record came too late after it had its effect on the minds of the jury. The simple remedy would have been to amend their declaration.

Mr. Justice GORDON delivered the opinion of the court, October 5th, 1885.

This was an action on the case brought by Charles Fell and his mother, Rachel Fell, who were plaintiffs below, to recover damages by them suffered in consequence of the backing of the waters of Octoraro Creek upon their lands by a dam erected and maintained in the said creek by the defendants.

The plaintiffs held the lands thus flooded as tenants in common; the one, Charles Fell, owning three quarters thereof, and the other, one fourth. In the year 1877, the said Charles Fell, in his own right, brought a similar action for the same cause and against the same defendants, which, on the sixth of October, 1880, resulted in a verdict and judgment in his favor in the sum of sixteen dollars. The plaintiffs offered this record in evidence on the trial of the present action; it was received, but with an effect wholly unanticipated by those offering it.

The court in admitting it, accompanied the admission with the following remarks: "I see no difficulty about admitting the evidence for what it is worth, but we do not think, under the pleadings, it will help the plaintiffs any; but we will have to admit it to see whether, under the *narr.* we can try this case. It is only this record that permits us to know that one of the parties, one of the plaintiffs, has already recovered damages up to a certain time—up to September 3d, 1878. Now, stopping with that time, this record gives the court record information that one of the plaintiffs recovered damages before for the same grievance that they have laid in their *narr*, and it shows that the other plaintiff has never recovered; at least, there is an absence of proof of that kind. We cannot permit you to give any testimony as the record stands, because we would not know how to divide and assess the damages; one party going back to 1874, and the other party to 1877 or 1878; and without any explanation or averment on the face of the *narr.* as to time." To this opinion the court adhered throughout the trial, and ruled out every offer of evidence tending to show the trespass of the defendants in flooding the lands of the plaintiffs. An effort was then made to withdraw this record, but this was refused. Finally, a proposition was made to limit the proof of damages to the period between the bringing of the first action and the commencement of the last, but

[Fell *v.* Bennett.]

to no purpose; the court holding that nothing of the kind could be done as the pleadings then stood. The result was, a peremptory direction to the jury to find for the defendants.

We cannot approve of these rulings or of this instruction. The declaration is unexceptionable so far as we can perceive. It is true that the origin of the nuisance is laid in 1874, a time prior to the bringing of the first suit, but as it is laid with a *continuando*, or what is now deemed equivalent to it, the allegation that the original act was repeated, from time to time, down to the commencement of the present action, we cannot see how the fact above stated could prevent a recovery for injuries resulting from a continuance of the primary erection, and which could not have been embraced in the previous suit. "Every continuation of a nuisance makes a fresh one," (1 Chit. Plead. 66), and for this a recovery may be had. It follows, that for every day's maintenance, by the defendants, of the obstruction which flooded the plaintiffs' land after the first recovery, a new action might have been brought, and it would have been sufficient that the *narr.* covered any one, or all, of such causes of action. What was declared for beyond this amounted to nothing, since, as to it, the former recovery could be interposed as a bar.

It is thus manifest that the pleadings present no obstacle to the plaintiffs' recovery, and as a result, we must hold that their proofs should have been admitted. It is true that, in the former action, the suit was in the name of but one of the tenants in common, and of this, perhaps, the defendants might have taken advantage by a plea in abatement, but having failed to take advantage of this defect at the proper time, they cannot now impeach the judgment. Chitty says, (Pleadings, 1, 65,) that tenants in common, must in general, sever in real actions, but that in personal actions, as for trespass or nuisance to their lands, they may join, because, though their estates are several, yet as the damages survive to all, it would be unreasonable when the damages are thus entire, to bring several actions for a single trespass.

We conclude, therefore, that whilst Rachel Fell should have been joined with Charles in the former action, yet as the defendants opposed no objection to this omission, the judgment must be taken as conclusive proof that the dam was, at that time, a nuisance. Of this as between Charles Fell and the defendants, there can be no doubt: Kilheffer *v.* Herr, 17 S. & R., 320, and as we cannot understand how a trespass against a joint possession can, under any circumstances, be treated as several, we must take it that when Charles recovered, his recovery was as well for his mother as for himself, and that it was, therefore, conclusive on all parties, and should have been

so treated in the court below. It follows, that the plaintiffs' offers of evidence, including the record of the former suit, ought to have been admitted.

The judgment of the court below is now reversed, and a new *venire* ordered.