**Robert A. SWIFT and C. Meredith H. Swift, Appellants**

v.

**RADNOR TOWNSHIP, Haverford Township, the School District of Haverford Township and the Department of Transportation of the Commonwealth of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2009.
Decided Oct. 14, 2009.

Robert A. Swift, Philadelphia, for appellants.

Elizabeth A. Hunter, Perkasie, for appellee, Radnor Township.

Suzanne M. McDonough, Media, for appellee, Haverford Township.

Joel West Williams, Assistant Counsel, King of Prussia, for appellee, Department of Transportation.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Robert A. and C. Meredith H. Swift (Appellants) appeal from four orders of the Court of Common Pleas of Delaware County (trial court), all dated January 23, 2009, which sustained the individual preliminary objections of Radnor Township, Haverford Township, the School District of Haverford Township (School District) and the Department of Transportation (Department)(Collectively, Appellees) to Appellants' complaint and an additional order denying Appellants' motion to consolidate. We affirm the decisions of the trial court.

In 1979, Appellants purchased a home on one acre of ground located at 328 Highland Lane in Bryn Mawr, Radnor Township (Property or Appellants' property). The Property is near the intersection of Coopertown Road, a Commonwealth highway, and Highland Lane, a road that is owned by both Haverford and Radnor Townships. Coopertown Road and Highland Lane form the boundary between Haverford Township and Radnor Township.

At the time Appellants purchased the Property, there was an existing natural waterway which separated the back one-third (back) of the Property from the front two-thirds (front). The only access to the back is across the waterway. At the time of purchase, a title report done for Appellants referenced an easement for an existing waterway through the premises. Such waterway was to be realigned as shown on a subdivision plan prepared by the developer of Appellants' property and other surrounding properties. The subdivision plan shows a twenty-three foot wide easement planned for the development through Appellants property.

The waterway, at the time of Appellants' purchase, was approximately six feet wide and three feet deep. Currently, the waterway is at least twenty feet wide. In 1979, Appellants built a bridge across the waterway. In 1990, due to widening of the watercourse by water flow they built another larger bridge. In 2003, Appellants found that they needed to build a third, yet larger bridge and began investigating the source of the water due to the significant erosion since their purchase of the Property in 1979.

In 2003, Appellants learned that a storm water management system had been constructed prior to 1973 along Coopertown Road. The system consisted of 6 or 7 inlets spaced at distances which collected storm water from a wide area and transferred it through underground pipes that emptied into a watercourse that passed onto the waterway. In 1973, a developer submitted a subdivision plan to Radnor Township. For approval of the subdivision plan, Radnor Township required the developer to extend the outlet of the storm water system approximately 100 feet from Coopertown Road and to construct an energy dissipater to reduce the velocity of the water. The developer built the dissipater. The dissipater emptied water above ground from a fifteen inch pipe which was approximately fifty feet upstream from Appellants' property. The dissipater has changed through the years. Riprap rocks are missing, several more pipes now discharge into the dissipater and the upstream neighbor put in a poured concrete pad near the dissipater.

In 1984 or 1985, Appellants noticed increased erosion and it was during this time

that Appellants' neighbors upstream constructed a cyclone fence, an in-ground swimming pool, put in plastic pipes that exit into the area near the energy dissipater and an additional pipe that is open on both sides that is approximately twenty feet long and fifteen to twenty inches wide which channels water under an earthen walkway.

On April 15, 2005, Appellants filed an action against Appellees in this court's original jurisdiction seeking injunctive and declaratory relief and either restoration of the drainage easement to its 1979 state or diversion of the runoff (2005 Action). Appellants alleged that Appellees had drained excessive amounts of water through a drainage waterway that runs through their backyard, causing erosion, high water velocities, caving of stream banks and bridge collapses, resulting in a nuisance on the Property.

Appellants then filed an amended petition for review which included, along with the first private nuisance count, a second count for violation of the Storm Water Management Act (Storm Act).[1] The Department filed preliminary objections to the amended petition for review and cross-claims were filed by the remaining Appellees. Our court dismissed the second count, determining that liability under the Storm Act cannot be asserted against the State or its agencies. However, we transferred the nuisance count to the trial court due to our lack of jurisdiction in the matter. *Swift v. Department of Transportation* (No. 194 M.D. 2005, filed September 6, 2005).

Thereafter, on April 18, 2006, the trial court denied the Department's preliminary objections without an opinion. The Department subsequently filed an answer and a non-jury trial was held in June of 2006.

On October 4, 2006, the trial court denied Appellants' claims concluding that Appellants failed to meet their burden of proving a private nuisance claim. Additionally, the trial court found the Department immune from equitable claims seeking affirmative action. On December 5, 2006, the trial court denied Appellants' post-trial motions and judgment was entered December 7, 2006. Appellants appealed to our court.

While Appellants' appeal was pending before our court, in May of 2007, Appellants filed a second action against Appellees which was docketed at No. 07–5294 (2007 Action). That complaint in equity seeks declaratory and injunctive relief to enforce the Appellees duty to repair and maintain the waterway, to terminate and abate a continuing nuisance or, in the alternative, to enjoin the Appellees from using the waterway, and to enjoin a gutter construction project by Haverford Township pursuant to the Storm Act. The 2007 Action includes the same facts alleged in the 2005 Action, but adds that since June 30, 2006 (the time of trial in the 2005 Action), the effect of the excessive amount of water was high velocity during storms, severe erosion of the waterway, caving in of some of the stream banks, and collapse of the bridge. The 2007 Action does not seek damages and is still pending before the trial court.

In December of 2007, our court affirmed the decision of the trial court regarding the 2005 Action, finding that the Department was immune from suit, that the evidence was insufficient to support a private nuisance, that there was no causal connection proven between the actions of the Appellees and an increase in water flow in the waterway, that the staff engineer for the Department was qualified to testify as

---

1. Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §§ 680.1–680.17.

an expert, and that the Appellees did not, as Appellants claimed, offer any evidence or information that was knowingly false. *Swift v. Department of Transportation*, 937 A.2d 1162 (Pa.Cmwlth.2007).

On October 16, 2008, Appellants initiated the within declaratory judgment action seeking a declaration of the rights and duties of the Appellees with regard to the watercourse on the Property, such action was docketed at No. 08–14072 (2008 Action). The 2008 Action seeks a declaration of the Appellees' rights and duties regarding the discharge of water into the waterway as well as injunctive relief against all Appellees except the Department, to enforce the Appellees' duty to repair and maintain the waterway or, in the alternative, to enjoin these Appellees from using the waterway. The 2008 Action includes the same facts as alleged in the 2007 Action. However, it asserts the new complaint was filed due to the Appellees refusal to consent to an amended complaint in the 2007 Action.

Thereafter, the Appellees all filed preliminary objections to the 2008 Action. The Department asserted, *inter alia, res judicata,* and pendency of a prior suit. The School District, Haverford Township and Radnor Township asserted *lis pendens* and *res judicata.* The Appellees allege that the same action and claims were raised by the same Appellants against the same Appellees on two prior occasions. It is clear from the record that Appellants brought two actions prior to the within matter.

On November 17, 2008, Appellants filed a motion to consolidate the 2007 Action with the 2008 Action. In the motion, Appellants admit that two prior actions were filed by them, and that each contains the same parties, same subject matter and the same relief is sought. The Appellees opposed the motion for consolidation and the Department asserted that the Appellees' preliminary objections were still pending.

On January 23, 2009, the trial court sustained the preliminary objections of all Appellees and denied the motion for consolidation. The trial court stated that Appellants admitted in their motion that all three actions involved the same parties, subject matter and relief sought. The trial court further stated that the only distinction Appellants draw between the 2005 Action and the 2007 and 2008 Actions is that the latter are for alleged increased harms to their Property from the same cause accruing after the trial for the 2005 Action. The trial court found that because the three cases brought by the Appellants are the same, with identical parties and requests for relief, the doctrines of *lis pendens* and *res judicata* bar the present action. The trial court also found that the dismissal of the case rendered the motion for consolidation moot. Appellants appealed to our court.[2]

Appellants contend that the trial court abused its discretion in refusing to consolidate the two actions pending before the trial court which involved the same parties which raise common questions of law and fact and further, erred in sustaining the preliminary objections of Appellees based upon the doctrines of *lis pendens* and *res judicata.*

Specifically, Appellants contend that this case is not barred by *res judicata* because no equitable or declaratory claim was ad-

2. Our review of an order sustaining preliminary objections in the nature of a demurrer is limited to determining whether, on the facts alleged, the law states with certainty that no recovery is possible. This court will reverse the trial court's decision only if it has committed an error of law or an abuse of discretion. *Feldman v. Lafayette Green Condominium Association,* 806 A.2d 497, 500 (Pa.Cmwlth. 2002).

dressed in the 2005 Action and the present case is based on harm occurring after June 30, 2006, when the 2005 Action was tried. Appellants further contend that *lis pendens* is inapplicable because the 2007 and 2008 Actions do not assert the same causes of action, rights or relief. Lastly, Appellants assert that the motion for consolidation was improperly denied because the 2007 and 2008 Actions involve the same parties and common issues of fact and law.

■ First, we will address Appellants' contention that the trial court erred in sustaining Appellees preliminary objections based upon the doctrine of *res judicata*. The doctrine of *res judicata* bars an action when four conditions are met: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362 (Pa. Cmwlth.2001). Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings. *Id.* Here, Appellants do not dispute that the parties are the same and the parties are suing and being sued in the same capacity as that in the 2005 Action. Further, the thing being sued upon, the subject matter in both the old and new proceedings, is the alleged harm to Appellants' property due to alleged improper storm water drainage. Thus, the only question remaining is whether the causes of action are the same.

■ Identity of two causes of action may be determined by considering the similarity in the acts complained of and the demand for recovery, as well as the identity of the witnesses, documents and facts alleged and whether the same evidence is necessary to prove each action. A party cannot escape operation of the bar of *res judicata* by varying the form of action or adopting a different method of presenting the case. Nor can one avoid the consequences of the prior judicial adjudication merely by altering the character of the relief sought. *Dempsey v. The Cessna Aircraft Co.*, 439 Pa.Super. 172, 653 A.2d 679, 681–682 (1995).

■ In the 2005 and 2008 Actions, the act complained of is the alleged harm caused to Appellants' property due to the alleged improper storm water drainage. The witnesses, documents and facts alleged are all the same, as is the evidence necessary to prove each action. The demand for recovery, whether Appellees have a duty to maintain and repair the waterway and, if so, to what extent, only differs as to the time period Appellants are requesting recovery for, prior to the 2005 Action and subsequent to the 2005 Action.

Appellants contend that the Actions are different. Appellants state that the only cause of action in the 2005 Action was for a private nuisance. *Swift*, 937 A.2d at 1166. Our court determined that Appellants failed to establish a private nuisance. Appellants further state that the 2007 and 2008 Actions are each based on harm occurring after June 30, 2006 and each requests only declaratory and injunctive relief and each contains an explicit disclaimer of damages.

Count I of the 2007 Action is for a breach of duty to repair and maintain the watercourse and asks for a declaration of the duty to repair and maintain the watercourse and to enjoin all Appellees from use of the watercourse unless they repair and maintain it. Count II of the 2007 Action is for a private nuisance and asks for the same relief as above. Count III of the 2007 Action is for trespass and asks for a declaration of intentional trespass and to enjoin such trespass. Count IV of the

2007 Action is for violation of the Storm Act based on construction proposed by Haverford Township in December of 2006 and asks to enjoin such construction and award counsel fees.

Count I of the 2008 Action is for a declaratory judgment as to the physical extent of the implied easement of the Department for stormwater runoff from Coopertown Road across the Property and requests a declaratory judgment. Count II of the 2008 Action is for breach of duty to repair and maintain the watercourse and seeks a declaration of the duty to repair and maintain the watercourse and to enjoin all defendants, except the Department, from use of the watercourse unless they repair and maintain it. Count III of the 2008 Action is for trespass and seeks a declaration of intentional trespass and to enjoin the trespass.

Appellants contend that the injury to their Property is a continuing one. The 2005 Action was based on harm occurring up to June 30, 2006 and merely held that Appellants failed to produce sufficient evidence of increased flow of stormwater through the watercourse to sustain a nuisance count. No equitable or declaratory claim was addressed in the 2005 Action. Thus, Appellants contend that, as the action in trespass, breach of duty to repair and maintain, and for a declaration of the dimensions of the Department's easement, are all based on harm occurring after June 30, 2006, they should not be barred by *res judicata.*

Appellants further state that every time there is a storm, the School District's stormwater enters Appellants' property and there is a new trespass. The Appellants cite our Supreme Court's decision in

*Fell v. Bennett,* 110 Pa. 181, 5 A. 17 (1885), which stated that:

> "Every continuation of a nuisance makes a fresh one," (1 Chit. Plead. 66), and for this a recovery may be had. It follows, that for every day's maintenance, by the defendants, of the obstruction which flooded the plaintiffs' land after the first recovery, a new action might have been brought, and it would have been sufficient that the narr. covered any one, or all, of such causes of action.

Appellees respond that limiting the relief sought to a declaration on the breadth of the alleged waterway easement does not create a new cause of action for *res judicata* purposes. It merely alters the character of the relief sought, varying the form of action, and adopting a different method of presenting the case. It does not change the fact that the cause of action is the same because the subject matter and ultimate issues in both the 2005 Action and the 2008 Action is the same. We agree.

In the present controversy, there was a final judgment on the merits by a court of competent jurisdiction which precludes any future claim between the parties on the same cause of action. Indeed, as trial court stated, *"res judicata ...* prohibits parties involved in a prior litigation from asserting claims in a subsequent action that were raised, or could have been raised, in the prior action." Trial court opinion, at 4.[3] Appellants 2005 Action clearly sought equitable and declaratory relief based upon a nuisance. The trial court found their claim was basically a claim for damages and, thus, Appellants failed to prove entitlement to injunctive relief. The trial court also found that Ap-

---

**3.** *Res judicata* bars the same parties after a final judgment on the merits from litigating a second lawsuit on the same claim or any other claim arising from the same transaction or series of transactions that could have been raised in the first lawsuit. Black's Law Dictionary, Seventh Edition.

pellants failed to prove a nuisance and denied the relief requested. Both Actions are in equity, and seek/sought injunctive and declaratory relief based on identical allegations that the Appellees have a duty, which was breached, to repair and maintain the waterway or divert water away from it. Merely dropping use of the term nuisance in favor of breach of a duty to repair and maintain does not alter the cause of action.

In the 2005 Action, Appellants also failed to prove the "cause" of the increased water. All cases cited by Appellants involve situations where the plaintiff prevailed in proving damages, the damages awarded were not based on a permanent injury, and the defendant continued the wrongful conduct without fulfilling its duty of abatement. Here, Appellants did not prevail in the 2005 Action, nor did they seek damages based on a time-limited injury. They alleged a continuing injury to their Property and the Appellees have not violated a duty of abatement because no liability was found in the 2005 Action. Thus, *res judicata* applies.

■ Next, we will address Appellants' contention that the trial court erred in refusing to consolidate the 2007 Action with the 2008 Action, both of which were pending before the trial court when it sustained the preliminary objections of Appellees based on *lis pendens*. The doctrine of *lis pendens*, i.e. pendency of a prior action, applies when, in the previously filed case, the parties are the same, the rights are the same and the requested relief is the same. *Feldman v. Lafayette Green Condo. As-*

*soc.*, 806 A.2d 497, 502 (Pa.Cmwlth.2002). The doctrine of *lis pendens* protects defendants from the harassment of having to defend several suits on the same cause of action at the same time. *Hillgartner v. Port Authority of Allegheny County*, 936 A.2d 131, 137 (Pa.Cmwlth.2007).

■ The application of *lis pendens* is purely a question of law. The court must determine whether the causes of action arose from the same transaction or occurrence, that is, whether the claims involve a common factual background or common legal question. *Hineline v. Stroudsburg Electric Supply Company, Inc.*, 402 Pa.Super. 178, 586 A.2d 455, 456 (1991).

■ Appellees state that the Appellants have failed to raise any claim in the 2008 Action which was not raised or which could have been raised, but was not, in the 2007 Action. Appellees further state that the 2008 Action is merely duplicative and any controversy that could possibly be pursued by the Appellants in view of the 2005 Action can be resolved in the 2007 Action. Appellees state that the parties in the 2007 Action are identical to those in the 2008 Action. The case is the same because the rights at issue, whether the Appellees have a duty to repair and maintain the waterway, are the same in both. Also, the relief requested and causes of action are the same, as both suits are in equity seeking injunctive and declaratory relief. Pa.R.C.P. No. 1020 requires Appellants to raise all claims arising from the same transaction or occurrence in a single suit.[4] Appellees assert that the proof re-

4. Pa.R.C.P. No. 1020 provides for waiver when a plaintiff has more than one cause of action arising from the same occurrence and fails to join them. Pa.R.C.P. No. 1020 provides in pertinent part as follows:
   (d) If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person. Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.

quired in both actions and the evidence that would be presented are the same.

Appellants admitted in their motion for consolidation of the 2007 and 2008 Actions that both involve identical parties, that both Actions seek injunctive and declaratory relief and that both involve common questions of fact and law regarding harm caused by storm water to the same real property. Appellants also admit in their brief that they filed the 2008 Action only because the Appellees opposed any amendment to the 2007 Action, which was requested in order to conform with our court's ruling in the 2005 Action.

However, Appellants now assert that the 2007 and 2008 Actions do not involve the same causes of action, rights or relief, even though the parties are the same, thus making *lis pendens* inapplicable. Appellants state that the 2007 Action has a nuisance count, a count under the Storm Act and lacks a count seeking a declaratory judgment as to the extent of the Department's implied easement. The relief sought in the 2007 Action includes a request that Appellees repair the watercourse to its prior condition. The 2008 Action seeks only a declaration as to the duty to repair and maintain and an injunction only as to the political subdivision Appellees, not the Department.

Appellants distinguish *Hillgartner*, stating that all of Appellants' claims asserted in the 2008 Action are not protected by the 2007 Action, due to the fact that the trial court refused to permit an amendment to the 2007 Action to assert the claims and relief that are now in the 2008 Action.

After review of the record and our decision in *Swift*, 937 A.2d 1162 (Pa.Cmwlth. 2007), it is evident that the parties, counsel, factual and legal issues, relief sought and property involved in the 2005 Action are the same as in the two subsequent actions. The only distinction is that the later actions are for subsequent damage to the same property from the same alleged cause. However, there is no new or unforeseeable damage which would create a new cause of action that would cause the trial court or this court to reconsider prior rulings. There is nothing in the present complaint that was not raised, or could not have been raised in one of the prior two Actions, either 2005 or 2007.[5] Thus, the trial court was correct in finding the 2008 Action barred by the doctrine of *lis pendens*.

Finally, we address Appellants' contention that the trial court erred in not consolidating the 2007 and 2008 Actions. Appellants state that the trial court should have consolidated the 2007 and 2008 Actions as they involve identical parties, they both seek injunctive and declaratory relief and both involve common questions of fact and law regarding harm caused by storm water on Appellants' property.

Appellants allege that such denial by the trial court was to facilitate another dismissal in favor of the politically powerful and economically dominant Appellees. Appellants contend that they have satisfied

---

The purpose of the waiver provision is to avoid multiplicity of suits, thereby ensuring prompt disposition of all rights and liabilities of the parties in a single suit, and it is to be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding. *Hineline*.

5. In the 2008 Action, Appellants ask for a declaratory judgment as to the physical extent of the implied easement of the Department for stormwater runoff from Coopertown Road across the Property, seek a declaration of Appellees' duty to repair and maintain the watercourse and to enjoin all Appellees, except the Department, from using the watercourse unless they repair and maintain it, and, finally, Appellants seek a declaration of intentional trespass and to enjoin such trespass. All of these issues could have been raised or actually were raised in Appellants 2005 or 2007 Actions.

the requirements for consolidation under Pa.R.C.P. No. 213, as the parties were the same and there were common issues of fact and law.[6]

The trial court, after dismissing the case based upon *res judicata* and *lis pendens,* denied Appellants' motion to consolidate as moot. The trial court properly applied its discretion in denying the motion for consolidation because the entire 2008 Action was barred by *lis pendens* and *res judicata.* Once the trial court concluded that Appellants' claims were barred, consolidation became moot.

Accordingly, we must affirm the decisions of the trial court.

### ORDER

AND NOW, this 14th day of October, 2009 the orders of the Court of Common Pleas of Delaware County in the above-captioned matter are affirmed.

---

**6.** Pa.R.C.P. No. 213(a) provides:

(a) In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay.