Conyngham Borough,                          :
                                            :
                        Appellant           :
                                            :
            v.                              :    No. 652 C.D. 2015
                                            :
Louis Rizzo, Kenneth Temborski             :    Argued:  December 7, 2015
and Robert Powell                           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                 **FILED:  February 23, 2016**


        Conyngham Borough (Borough) appeals from an April 13, 2015 Order of the Court of Common Pleas of Luzerne County (common pleas) sustaining the Preliminary Objections (POs) of Louis Rizzo, Kenneth Temborski, and Robert Powell (Appellees) to a Removal Action filed by the Borough.  Appellees are members of the Conyngham Borough Authority (Authority), an entity created by the Borough in 1969 to manage the Borough's potable and sewer water.  On appeal, the Borough argues that common pleas erred by holding that the doctrine of lis pendens barred the Borough from moving forward with the instant action.  Upon review, we vacate and remand.

The instant action is the second action filed by the Borough in connection to the merging of the water and sewer services of the Borough and Sugarloaf Township. On February 14, 2014, the Borough sent the Authority a letter notifying the Authority that the Borough Council unanimously voted to take the steps necessary to begin the process of dissolving the Authority. (Letter to Authority, February 14, 2014, R.R. at 174a.) The letter requested the Authority not to enter into any new contracts or to dissipate any of the Authority's assets until the dissolution process is completed. (Letter to Authority, February 14, 2014, R.R. at 174a.) On March 13, 2014, the Borough adopted Ordinance No. 284 (Ordinance), which directed the Authority to disband. (Ordinance, R.R. at 25a.) The Borough was concerned that the Authority was ignoring the February 14, 2014 letter and Ordinance and filed an action in common pleas on March 19, 2014 seeking mandamus, injunctive, and declaratory relief (Mandamus Action). (Mandamus Action, R.R. at 233a-42a.) The Mandamus Action names the Authority as the defendant and makes the following relevant averments.

9. On March 13, 2014, the Borough lawfully adopted Ordinance No. 284, which directs the Authority to:

(a) Cease all activities unrelated to effectuating the terms of the Ordinance;
(b) Retire all of the debt of the Authority;
(c) Convey all assets of the Authority to the Borough; and
(d) Dissolve itself

. . .

11. Prior to the enactment of Ordinance No. 284, the Borough notified the Authority by certified letter dated February 14, 2014 that:

(a) The Borough through its Council unanimously voted at a public meeting held on February 13, 2014 to take the steps

2

necessary to begin the process of dissolving the Authority by publication of an Ordinance; and

(b) Until dissolution is completed, the Authority may not enter into any new contracts; nor dissipate any of its assets; or make any purchases outside the ordinary course of business. . . .

12. Since the issuance of the certified letter by the Borough to the Authority, the Authority has ignored that written directive of the Borough by:

(a) Approving a contract with Alfred Benesch and Company for $60,000.00 to engineer, design, and bid for the construction of a booster station.

(b) Approving a contract with Alfred Benesch and Company for $30,000.00 to prepare a water study.

(c) Making a $250,000.00 expenditure from its Line of Credit with Miners Bank to pay capital water expenses.

(d) Authorizing other miscellaneous payments to contractors and vendors for a building project of which the Borough is a partner without informing the Borough of the payments.

(Mandamus Action ¶¶ 9-12, R.R. 235a-36a.)

The Mandamus Action seeks an order: (1) directing the Authority to comply with the Ordinance; (2) enjoining the Authority from incurring any further debt or entering into any other contracts; and (3) declaring that the Ordinance is valid and declaring rights of the Borough and Authority by reason of the Ordinance.

While the Mandamus Action was pending in common pleas, the Borough filed a Motion for Preliminary Injunction (Motion) on May 28, 2014, under the same case number as the Mandamus Action. The Motion requested common pleas to issue an order enjoining the Authority from entering into new contracts and requiring the Authority to cease all contracts entered into after the Authority was notified of the Borough's intention to dissolve the Authority. (Motion, R.R. at 270a-75a.) Common pleas denied the Motion, concluding that "[t]he Court finds

3

no irreparable harm in a statutory process and procedure available to both parties to effectuate the dissolution of the [A]uthority." (Order, June 3, 2014, R.R. at 179a.)

The Borough and Sugarloaf Township adopted an ordinance on June 4, 2014 forming the Conyngham-Sugarloaf Joint Municipal Authority (Joint Authority) for the purposes of, *inter alia*, operating the water and sewer systems of the Borough and Sugarloaf Township. (Ordinance No. 288, R.R. at 42a-43a.) The Joint Authority was incorporated by the Department of State on June 17, 2014 (Joint Authority Articles of Incorporation, R.R. at 79a-82a.) On July 10, 2014, the Borough passed Ordinance No. 289, which amended the Ordinance and set forth the process by which the previous Authority was to dissolve. (Ordinance No. 289, R.R. at 48a-50a.)

The Mandamus Action remained unresolved and, on November 10, 2014, the Borough filed the Removal Action in common pleas against Appellees in their individual capacities. The Complaint in the Removal Action makes the following relevant averments:

> 21. To date, Mr. Rizzo, Mr. Temborski and Mr. Powell continuously cause the Authority to fail to comply with the Joint Agreement, Ordinance Nos. 288 and 289, despite having no legitimate legal or factual basis to do so.
>
> 22. In fact, [Appellees] caused the Authority to challenge the legal status of the Joint Authority with the Department of State on or about August 25, 2014.
>
> 23. The Department of State rejected each and every one of the challenges made by [Appellees] to the Joint Authority's validity. . . .

4

24. Despite the foregoing, [Appellees] failed to notify and refused to allow the Authority to notify persons and entities who have a legal and financial interest in the Dissolved Authority of its dissolved status.

. . .

26. To the contrary, [Appellees] caused the Authority to enter into contracts with the Authority for which neither they nor the Authority has any legal authorization due as a result of the Authority's dissolved status.

27. Specifically, [Appellees] seek to serve the interest of themselves and vendors affiliated with them by awarding contracts for which there is no proper purpose and senselessly spending the Authority's revenues on legal fees and expenses.

(Removal Action ¶¶ 21-27, R.R. at 9a-10a.)

The Removal Action asserts two counts. Count I alleges that the Appellees have entered into *ultra vires* contracts and should be held liable for their willful misconduct. (Removal Action ¶¶ 37-43, R.R. at 12a-13a.) The Borough seeks damages, costs, and attorney fees as remedies for the conduct alleged in Count I. (Removal Action, Wherefore Clause, R.R. at 13a.) Count II alleges that the Borough has cause to seek removal of the Appellees from the Authority Board and seeks an order so doing. (Removal Action ¶¶ 44-47, Wherefore Clause, R.R. at 14a-15a.)

Appellees filed POs in the nature of a demurrer on December 9, 2014. Therein, Appellees first allege that the Mandamus Action and the Removal Action are the same and therefore the Removal Action is barred by the doctrine of lis pendens. (POs ¶¶ 21-43, R.R. at 133a-36a.) Appellees' POs also allege that the Borough has not stated a claim that Appellees entered into *ultra vires* contracts

5

because the Authority still exists and, therefore, Appellees are not acting outside their legal authority. (POs ¶¶ 44-52, R.R. at 136a-37a.)

After receiving briefs from the parties and hearing oral argument, common pleas issued the instant Order sustaining the POs on April 13, 2015 on the basis of lis pendens. The Order provides in relevant part:

> The Defendants' Preliminary Objections are based upon a claim of "Lis Pendens" pursuant to a prior action filed by the Plaintiff under 03755 of 2014. "Lis Pendens" as a defense lies where causes of action and relief sought are the same. Rostock v. Anzalone, 904 A.2[d] 943 ([P]a. Super. 2006); Swift v. Radnor Twp., 983 A.2d 227 (Pa. Cmw[l]th. 2009). The prior action filed by Plaintiff is a Mandamus and Declaratory Judgment action to require the Borough Authority to disband pursuant to the Pennsylvania Municipalities [sic] Authorities Act.[1] That action remains open and unresolved except as to a Preliminary Injunction request which was denied by this Court in a previous Opinion and Order.
>
> The Defendants herein are the individual members of the Authority. The Plaintiff has filed the action against them in their capacity as such and is requesting the same dissolution of the Authority and removal of the members as requested in the Plaintiff's prior action.
>
> The Plaintiff is seeking the same relief against the same Defendants, albeit under their personal names, not the Authority, but under their capacities as members of the Authority, and under an Ordinance which was filed by the Plaintiff to forward the identical dissolution of the Authority requested in the prior action.
>
> Therefore the Court hereby **ORDERS and DECREES** that the Defendants' Preliminary Objections are **GRANTED** and the case herein is **DISMISSED**.

---

[1] 53 Pa. C.S. §§ 5601 – 5623.

6

(Order at 1-2.) Notably, the Order focuses exclusively on Appellees' allegation that the Removal Action is barred by lis pendens and does not address Appellees' allegation that the Borough has failed to state a claim that Appellees' contractual actions were *ultra vires*.

On appeal to this Court, the Borough argues that common pleas erred by sustaining Appellees' POs on the basis of lis pendens. The Borough acknowledges that both actions derive from the same core series of occurrences and events, but contends that the Removal Action differs from the Mandamus Action in that the parties, the cause of action, and relief sought are different.

In response, Appellees argue that the requirements of lis pendens are met and that the Borough is attempting to circumvent the normal process for dissolving the Authority. Appellees argue that the rights asserted in the two actions are identical and the relief sought is similar. Appellees point to Florimonte v. Council of Borough of Dalton (Pa. Cmwlth., No. 1786 C.D. 2012, filed June 7, 2013), an unreported panel opinion of this Court,[2] and argue that filing a complaint against three members of the Authority is the same as filing a complaint against the government entity itself. Appellees contend that, should this Court conclude that the Borough is able to file both actions, plaintiffs could continually file actions against the same parties by simply rewording their complaints.[3]

---

[2] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, an unreported panel decision issued by this Court after January 15, 2008 may be cited "for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a).

[3] Our review of an order sustaining a demurrer is "limited to determining whether, on the facts alleged, the law states with certainty that no recovery is possible. This court will reverse

*(Continued…)*

7

The common law doctrine of lis pendens "protects defendants from the harassment of having to defend several suits on the same cause of action at the same time." Swift v. Radnor Township, 983 A.2d 227, 234 (Pa. Cmwlth. 2009). Its application requires proof that the parties are the same, the relief requested is the same, *and* the rights at issue are the same. Id. In analyzing whether a case should be dismissed on the basis of lis pendens, courts must inspect the record in the two cases and strictly apply this "three-prong identity test." Hillgartner v. Port Authority of Allegheny County, 936 A.2d 131, 137-38 (Pa. Cmwlth. 2007). Application of the doctrine of lis pendens is a pure question of law "determinable from an inspection of the records in the two cases," id. at 138 (internal quotation omitted), and all three prongs must be met for lis pendens to apply.

Upon review of the records in the two cases, and strictly applying the three prong test, we conclude that all of the requirements of lis pendens are not satisfied. First, the parties in the two actions are not the same. The Mandamus Action is filed against the Authority and the Removal Action is filed against the three individual Appellees acting in their individual capacity. Although Appellees are a subset of the Authority's membership, the parties are not the same because the Removal Action is directed at Appellees in their individual capacities.

Appellees point to our unreported decision in Florimonte as persuasive authority supporting their argument that the parties are the same. In Florimonte the appellant originally filed trespass and negligence claims against the Borough of

the trial court's decision only if it has committed an error of law or an abuse of discretion." Swift v. Radnor Township, 983 A.2d 227, 231 n.2 (Pa. Cmwlth. 2009).

8

Dalton (Dalton). Florimonte, slip op. at 2. As the suit was pending, the plaintiff filed a series of complaints asserting the same allegations against Dalton, which were all dismissed on the basis of lis pendens. Id. at 2-3. The plaintiff tried a fifth time to assert the same claims by filing an action against the members of the Dalton Borough Council in their *official* capacities instead of Dalton itself. Id. at 3. However, the complaint contained no specific allegations with regard to the individual defendants. Id. The trial court concluded that the doctrine of lis pendens barred the subsequent action because the plaintiff asserted the same claims against the same group of officials who would be able to provide relief in the former case. Id. We affirmed, concluding that the "[a]ppellant is again asserting a claim against [Dalton], regardless of the fact that in this complaint she has named the Council rather than [Dalton]," and that the appellant is asserting the same rights and same relief as she did in the previous actions. Id. at 4-5.

Unlike Florimonte, Appellees here are named in their individual, not official, capacities and the Removal Action alleges specific illegal actions of the three individuals that are distinct from the acts of the Authority complained of in the Mandamus Action. The conduct objected to in the Mandamus Action related to the Authority approving certain contracts and expenditures and refusing to provide the Borough with public records. (Mandamus Action ¶¶ 12-13, R.R. at 235a-36a.) Conversely, the Removal Action alleges that the three Appellees have *personally* refused to allow the Authority to dissolve and have *personally* caused the Authority to enter into *ultra vires* contracts despite the fact that the contracts will never be approved. (Removal Action ¶¶ 21-43, R.R. 9a-13a.) While there is some overlap in the activities complained of in the two actions, the Removal Action

9

complains of specific activities of Appellees in their individual capacities, so Florimonte is therefore inapplicable.

Second, the relief requested in the two actions is not the same. The Mandamus Action seeks: (1) an order directing the Authority to comply with the Ordinance; (2) an order enjoining the Authority from incurring any further debt or entering into any other contracts; and (3) declaratory relief in the form of an order declaring the Ordinance is valid. Conversely, the Removal Action seeks damages against the individual Appellees for entering into *ultra vires* contracts and an order removing Appellees from the Authority Board. Although the factual predicate underlying these claims is more or less the same, the parties and the relief sought are different.[4] Therefore, the doctrine of lis pendens cannot bar the Removal Action.

Next, Appellees argue that even if common pleas erred by sustaining the POs on the basis of lis pendens, common pleas also granted the POs on the basis of the Borough's failure to state a claim that Appellees entered into *ultra vires* contracts and that the Borough waived its argument that common pleas erred in this regard by not appealing this aspect of the Order. We disagree.

Appellees demurred to the Borough's Complaint in the Removal Action under two theories: lis pendens; and that, as a matter of law, Appellees are not outside their legal authority and therefore are not acting *ultra vires*. Review of the

---

[4] Because the parties and relief sought are different, we need not address whether the two actions involve the same rights.

10

Order shows that common pleas sustained the POs on the basis of lis pendens and did not address the other theory. Accordingly, the Borough was under no obligation to appeal the Order with regard to an issue not addressed therein.

For the foregoing reasons, the Order of common pleas is vacated. We remand the matter to common pleas for the Borough's Removal Action to be reinstated.

_____
**RENÉE COHN JUBELIRER, Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Conyngham Borough,                    :
                                      :
                    Appellant         :
                                      :
          v.                          :     No. 652 C.D. 2015
                                      :
Louis Rizzo, Kenneth Temborski        :
and Robert Powell                     :

## O R D E R

AND NOW, February 23, 2016, the Order of the Court of Common Pleas of Luzerne County (common pleas) is **VACATED**, and this matter is **REMANDED** to common pleas.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER, Judge**