IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Disco,      :
    Appellant     :
            :
   v.        :  No. 640 C.D. 2024
            :
Dana L. Roth      :  Submitted: March 4, 2025

*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM          FILED: April 7, 2025

    Richard A. Disco (Appellant), acting *pro se*, appeals *nunc pro tunc* from the order entered in the Court of Common Pleas of Lehigh County (trial court) on August 12, 2021, sustaining the preliminary objections (POs) filed by his former parole officer, Dana L. Roth (Appellee) and dismissing his complaint with prejudice. On appeal, Appellant contests application of the doctrine of *res judicata* to bar this action. We affirm.

## Background

    The relevant facts and procedural history of this case are as follows. On December 19, 2018, Appellant filed a *pro se* complaint against Appellee alleging that she willfully and maliciously wrote a false and incriminating statement about him in his 2003 Supervision History Report (Report) in order to influence the Pennsylvania Parole Board (Parole Board) to keep him in prison for as long as possible. Appellee's statement in the Report reads:

It should be noted that on the date of the subject's conviction, 5/19/2003, subject showed hostile behavior in the courtroom. After the verdict was read, subject attempted to jump over the bar of the court and attack the victim and her mother, subject was restrained by seven court sheriffs. At this time, subject stated "You f[*]cking sl[*]t. You f[*]cking came to court and lied on me. This is not over. You will pay for this!"

(Complaint, 12/19/18, Exhibit A.)[1]

According to Appellant, Appellee's statement is demonstrably false, as it fails to correspond with the notes of testimony from the trial which reflect that he did not attempt to jump over the courtroom bar and that he spoke to the prosecutor rather than to the victim. Specifically, the notes of testimony reflect that he stated: "It's far from over. Believe that, [the prosecutor]. It's far from over. They came into court lying on me. They f[*]cking lied, f[*]cking motherf[*]ckers. You haven't heard the last of me, b[*]tch." (Notes of Testimony (N.T.) Trial, 5/19/03, at 20.) Appellant asserts that Appellee is liable for the tort of willful misconduct and seeks $750,000.00 in damages.

On January 22, 2021, Appellee filed POs to the complaint averring in relevant part that Appellant's action is barred by the doctrines of *res judicata* and/or collateral estoppel because of a federal lawsuit Appellant had filed against Appellee in the United States District Court for the Eastern District of Pennsylvania in 2017.[2]

---

[1] A jury convicted Appellant of involuntary deviate sexual intercourse, endangering the welfare of a child, corruption of a minor, and indecent assault.

[2] As the trial court notes, *res judicata* and collateral estoppel are affirmative defenses which should not be raised by POs. However, as was the case here, this procedural irregularity may be waived when the opposing party fails to challenge the procedure by which these issues were raised. *Stilp v. Commonwealth of Pennsylvania*, 910 A.2d 775, 784 (Pa. Cmwlth. 2006); (Trial Ct. Op., 8/12/21, at 4.)

In the federal action, Appellant similarly alleged that "[Appellee] willfully and maliciously wrote a false and incriminating statement about him in [the Report] to influence the [Parole Board] to keep him in prison for as long as possible." (Exhibit B to Appellee's POs, at 1.) Appellant filed suit under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights under the United States Constitution.[3] Appellant alleged that Appellee's statement in the Report is contradicted by the trial transcript, and he sought an award of $500,000.00 in monetary damages. The Court found Appellee's actions did not constitute a constitutional violation and that she was entitled to qualified immunity, and it granted her motion to dismiss the complaint. *Id.* at 16.

On March 23, 2021, Appellant filed a response to Appellee's POs in the trial court, which held a hearing on the matter. On August 12, 2021, the trial court entered an opinion and order sustaining Appellee's POs and dismissing Appellant's complaint with prejudice. Appellant filed a notice of appeal *nunc pro tunc* on December 17, 2021, averring that he did not receive a copy of the trial court's August 12, 2021 order and that he filed the appeal as soon as he became aware of the court's dismissal of his complaint. The trial court entered an order denying

_____

[3] Section 1983 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity[.] . . . .

42 U.S.C. § 1983; *see also* U.S. Const. amends. VII, XIV (prohibiting cruel and unusual punishment and guaranteeing due process of law, respectively).

Appellant's request, but this Court reversed its decision and remanded the case to allow the *nunc pro tunc* appeal to proceed. The trial court filed an opinion on May 2, 2024, in which it referred this Court to its August 12, 2021 opinion for its rationale in sustaining Appellee's POs and dismissing Appellant's complaint with prejudice. *See* Pa.R.A.P. 1925(a).

## Discussion

On appeal, Appellant contends that the doctrine of *res judicata* does not operate to bar this tort action.[4] He maintains that because "the facts within the federal court action are not identical to those made in the state court action" and involved constitutional violations rather than the intentional tort claim of willful misconduct, the doctrine does not apply to bar this case. (Appellant's Br. at 10.)

"The doctrine of *res judicata* developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed." *In re Coatesville Area School District*, 244 A.3d 373, 378 (Pa. 2021).

> *Res judicata* encompasses two related, yet distinct principles: technical *res judicata* and collateral estoppel. Technical *res judicata* provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded. Collateral estoppel acts to foreclose litigation in a subsequent action where issues of

---

[4] "This Court's review of a trial court's order sustaining [POs] and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law." *Gustafson v. American Federation of State, County, & Municipal Employees, Council 13*, 310 A.3d 1267, 1269 n.3 (Pa. Cmwlth. 2024). "In reviewing [POs], all well-pleaded relevant and material facts are to be considered as true, and [POs] shall only be sustained when they are free and clear from doubt." *Id.* Because this review involves a question of law, our standard of review is *de novo* and our scope of review is plenary.

law or fact were actually litigated and necessary to a previous final judgment.

> Technical *res judicata* requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. **Res judicata applies to claims that were actually litigated as well as those matters that should have been litigated**. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings.

*J.S. v. Bethlehem Area School District*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) (citations omitted; emphasis added).

With respect to the second factor, "identity of two causes of action may be determined by considering the similarity in the acts complained of and the demand for recovery, as well as the identity of the witnesses, documents and facts alleged and whether the same evidence is necessary to prove each action." *Swift v. Radnor Township*, 983 A.2d 227, 232 (Pa. Cmwlth. 2009). A party cannot circumvent the bar of *res judicata* by varying the form of action, by adopting a different method of presenting the case, or merely by altering the character of the relief sought. *Id.*

Here, a review of the record demonstrates that the four *res judicata* factors have been met and operate to bar this action. Specifically, with respect to the first, third, and fourth prongs, Appellant sued for money damages based on Appellee's statement in the Report in both this action and in the federal case, and the parties along with their respective capacities are identical.

As to the second factor of the identity of the causes of action, the act alleged to have caused Appellant harm in both cases is the purportedly false

statement Appellee made in the Report describing Appellant's behavior at his jury trial. In both cases he alleged that Appellee engaged in willful misconduct by making this false statement in her report. In each case, Appellant points to the trial transcript as evidence demonstrating Appellee's statement in the Report was false because the transcript reflects that he directed his outburst to the prosecutor at trial, not to the victim. Appellant sought a large monetary award of $500,000 in the federal case and $750,000 in the instant case in damages. Thus, the essential acts complained of, facts alleged, evidence necessary to prove the action, and his demand for recovery are the same in both cases.

While Appellant has framed his state tort claim differently than his federal constitutional action, he "cannot escape operation of the bar of *res judicata* by varying the form of action or adopting a different method of presenting the case." *Swift,* 983 A.2d at 232. Altering the claim from a constitutional violation to a tort claim does not transform it into a new cause of action for *res judicata* purposes. It merely varies the form of action and adopts a different approach to presenting the case. In the federal action, there was a "final judgment on the merits by a court of competent jurisdiction which precludes any future claim between the parties on the same cause of action." *See id.* at 233. In reaching this conclusion, we emphasize "*res judicata* applies to claims that were actually litigated as well as those matters that should have been litigated." *See J.S.,* 794 A.2d at 939. The bringing of duplicative litigation, as is the case here, is precisely the type of circumstance the doctrine of *res judicata* was developed to prevent.

For these reasons, we conclude that the trial court properly sustained Appellee's POs and dismissed Appellant's complaint with prejudice. Accordingly, we affirm the order of the trial court.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Disco, : 
           Appellant : 
           : 
      v. :   No. 640 C.D. 2024
           : 
Dana L. Roth : 

## *PER CURIAM*

## *ORDER*

AND NOW, this 7th day of April, 2025, the August 12, 2021, order entered in the Court of Common Pleas of Lehigh County sustaining the preliminary objections filed by Dana L. Roth and dismissing Richard A. Disco's complaint with prejudice is hereby AFFIRMED.