**Bryant ARROYO and Martha Arroyo, Petitioners**

v.

**Gerald PAPPERT, Attorney General of Pennsylvania and Manheim Township Police Department, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted May 6, 2005.

Decided May 31, 2005.

BEFORE: SMITH–RIBNER, Judge, PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge PELLEGRINI.

■ Before this Court are preliminary objections in the nature of a demurrer [1] of Gerald Pappert, Attorney General of Pennsylvania (Attorney General) in response to a petition for review in the nature of a complaint in mandamus filed by Bryant Arroyo (Arroyo) and his mother, Martha Arroyo (Mrs. Arroyo), requesting this Court to order the Attorney General to respond to and address their administrative appeal.

In his petition for review in the nature of a complaint in mandamus, Arroyo alleges the following: Arroyo is an inmate currently serving a life sentence for the murder of his stepson. On December 11, 2003, Mrs. Arroyo sent a certified letter to the Criminal Records Department of the Manheim Township Police Department (Department) requesting certain records relative to the investigation and prosecution of Arroyo's homicide conviction, including initial police reports, witness statements by detectives, the autopsy report, and reports underlying the basis for the testimony of the Commonwealth's medical examiner. The Department responded, stating that "information contained in the police report is considered investigative which you are not entitled to receive under the Pennsylvania Law as stated in the Criminal History Information Act, Section 9106. Unless ordered to do so by a court order from a court of proper jurisdiction, the report will not be released to you." (January 7, 2004

No appearance entered on behalf of petitioners.

Timothy P. Keating, Deputy Attorney General, Harrisburg, for respondent, Gerald Pappert.

---

1. In ruling upon preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded allegations of material fact and all inferences reasonably deductible therefrom. *Feigley v. Department of Correc-* *tions*, 731 A.2d 220 (Pa.Cmwlth.1999). The question presented by a demurrer is whether, on the facts alleged, the law says with certainty that no recovery is possible. *Id.*

letter from Manheim Township Police Department at 1.)

Citing to the Criminal History Record Information Act (Act), 18 Pa.C.S. §§ 9101–9183, on February 4, 2004, Mrs. Arroyo, on behalf of her son, filed an administrative appeal of the Department's decision with the Attorney General in which she argued that because of a number of troubling discrepancies in the testimony of the Commonwealth's medical examiner and other evidence, Arroyo was entitled to review police reports and witness statements regarding the death of his stepson. No response was ever received from the Attorney General or his office. Subsequently, on July 15, 2004, Mrs. Arroyo sent a second request to the Attorney General for an administrative appeal, specifically under the Attorney General's authority pursuant to 18 Pa.C.S. § 9152(e) and § 9161(3) but, again, no response was received.[2] In the second request for an administrative appeal, Mrs. Arroyo also notified the Attorney General of the following:

> Accordingly, unless we hear from you within twenty one (21) days, we will commence an action by invoking the Commonwealth Court's original jurisdiction pursuant to 41 Pa.C.S.A. § 761 to hear our petition for review in the nature of a complaint in mandamus.

(July 15, 2004 second request for administrative appeal to the Attorney General at 1.)

 Because of the inaction of the Attorney General, Arroyo and Mrs. Arroyo filed the instant petition for review addressed to our original jurisdiction in the nature of a complaint in mandamus compelling the Attorney General to respond to and address the administrative appeal pursuant to his statutory authority under the Act. Arroyo argues that contrary to the Department's determination, criminal history records, including investigative information, are subject to the requirements of the Act and, accordingly, he should be granted access to those documents, and the Attorney General should use his authority to ensure that he receives those documents. In response,[3] the Attorney General has filed the present preliminary objections in the nature of a demurrer to Arroyo's complaint only contending that the information sought is not "criminal history record information" under the Act.[4]

2. A copy of this request was also sent to Dianna L. Diem, Administrative Support Division Manager of the Department, from which a return receipt was received. In response to the correspondence Arroyo sent to the Department, Christopher Underhill, a Solicitor for Manheim Township, responded by letter dated July 27, 2004, that Section 9151 of the Act confers an individual or his legal representative the right to review, challenge, correct and appeal the accuracy and completeness of his criminal history record information; however, that information does not include intelligence or investigative reports like those Arroyo requested.

3. The Department filed an answer requesting that Arroyo's complaint be dismissed because he requests the disclosure of investigative information which is prohibited by the Act.

4. Mandamus is an extraordinary writ that compels the official performance of a ministerial act or mandatory duty. *See McGriff v. Board of Probation and Parole*, 809 A.2d 455 (Pa.Cmwlth.2002). The purpose of mandamus is not to establish legal rights, but to enforce those rights which are already established. *Waters v. Department of Corrections*, 97 Pa.Cmwlth. 283, 509 A.2d 430 (1986). To obtain a writ of mandamus, a petitioner must demonstrate: (1) a clear legal right in the petition; (2) a corresponding duty in respondent; and (3) absence of any appropriate or adequate remedy. *See Equitable Gas Company v. City of Pittsburgh*, 507 Pa. 53, 488 A.2d 270 (1985) (also finding that the petitioner must show an immediate, specific, well-defined and complete legal right to the thing demanded).

Section 9151 of the Act, 18 Pa.C.S. § 9151, provides that any individual or his legal representative has the right to review, challenge, correct and appeal the accuracy and completeness of his criminal history record information. The Act defines "criminal history record information" in the following way:

> Information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom. The term does not include intelligence information, investigative information or treatment information, including medical and psychological information, or information and records specified in section 9104 (relating to scope).

18 Pa.C.S. § 9102.[5]

■ The Act specifies the procedure for reviewing such information. It states:

> Any individual requesting to review his or her own criminal history record information shall submit proper identification to the criminal justice agency which maintains his or her record. Proper identification shall be determined by the officials of the repository where the request is made. If criminal history record information exists the individual may review a copy of such information without undue delay for the purpose of review and challenge.

18 Pa.C.S. § 9152(b). The Act also provides that an individual may challenge the accuracy of his or her criminal history record information, and that the criminal justice agency shall have 60 days to conduct a review of the challenge to determine the record's accuracy. *See* 18 Pa. C.S. § 9152(c) and (d). Section 9152(e) then provides:

> (1) If the challenge is ruled invalid, an individual has the right to appeal the decision to the Attorney General within 30 days of notification of the decision by the criminal justice agency.
>
> (2) The Attorney General shall have the authority to conduct administrative appeal hearings in accordance with the Administrative Agency Law.
>
> (3) The decision of the Attorney General may be appealed to the Commonwealth Court by an aggrieved individual.

18 Pa.C.S. § 9152(e).[6] Once it is determined that the Act confers jurisdiction

---

**5.** "Investigative information" is defined as:

> Information assembled as a result of the performance of any inquiry, formal, or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information.
> 18 Pa.C.S. § 9102.
> "Intelligence information" is defined as:
> Information concerning the habits, practices, characteristics, possessions, associations or financial status of any individual compiled in an effort to anticipate, prevent, monitor, investigate or prosecute criminal activity. Notwithstanding the definition of "treatment information" contained in this section, intelligence information may include information on prescribing, dispensing, selling, obtaining or using a controlled

substance as defined in the act of April 14, 1972 (P.L. 233, No. 64) known as The Controlled Substance, Drug, Device and Cosmetic Act.
18 Pa.C.S. § 9102.

**6.** The Act also gives the Attorney General the power and authority to make investigations concerning all matters touching the administration and enforcement of the Act and the power to institute an action in a court of proper jurisdiction to enjoin any individual, agency or organization from violating the provisions of the Act or to compel compliance with the Act. *See* 18 Pa.C.S. § 9171(3) and 18 Pa.C.S. § 9183(a). In addition, the Act gives persons aggrieved by violations of the Act a substantive right to bring an action for damages. *See* 18 Pa.C.S. § 9183(b).

over the subject matter of the appeal to the Attorney General, then the Attorney General is required to consider the appeal and rule on the merits of the appeal after which either party can appeal that determination to this Court.[7] Whether the records constitute "criminal history record information" is the issue to be determined in that proceeding, not in preliminary objections.

Accordingly, the preliminary objections filed by the Attorney General are overruled and he is directed to file an answer to the petition within thirty (30) days from the date of this order.

## ORDER

AND NOW, this *31st* day of *May*, 2005, the preliminary objections filed by Gerald Pappert, Attorney General of Pennsylvania, are overruled and he is directed to file an answer to the petition within thirty (30) days from the date of this order.

7. Because an individual can only challenge something that he has seen, any appeal necessarily involves a situation where the requested record information has been produced by the local criminal justice agency and it has denied any challenge to its accuracy. From a reading of 18 Pa.C.S. § 9152, there is a question of whether the Attorney General has jurisdiction to hear an appeal of whether the local criminal justice agency has refused to provide requested information because it does not fall within the definition of "criminal history record information" or is limited to hearing appeals denied by the local agency of challenges to the accuracy of that information. In his preliminary objections, the Attorney General did not raise the issue of his jurisdiction to hear the appeal, only that the requested information does not fall within the definition of "criminal history record information." There is also a question of the Attorney General's status: does he act solely as an adjudicator, the parties being the individual who is challenging the accuracy of the records and the local criminal justice agency, or as a party-agency that is entitled to defend his decision, once rendered, on appeal to this court?