# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas P. Stefano and Deborah L.          :
Franklin a/k/a Deborah L. Stefano,        :
individually and as husband and wife,     :
                          Petitioners     :
                                          :
                    v.                    :          No. 250 M.D. 2023
                                          :          Argued:  October 8, 2024
Whitehall Borough, a Pennsylvania         :
home rule community, and                  :
Commonwealth of Pennsylvania              :
Department of Transportation,             :
a Commonwealth government agency,         :
                          Respondents     :


**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge (P.)
                **HONORABLE MATTHEW S. WOLF**, Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**              **FILED:  November 7, 2024**


Before the Court are the preliminary objections filed by Whitehall Borough, a Pennsylvania home rule community (Borough), and the Commonwealth of Pennsylvania, Department of Transportation, a Commonwealth government agency (PennDOT) (together, Respondents) to the Amended Complaint for Declaratory Judgment (Amended Petition) filed by Thomas P. Stefano and Deborah L. Franklin a/k/a Deborah L. Stefano, individually and as husband and wife (together, the Stefanos).  The Amended Petition pertains to property damage the Stefanos allege

they are sustaining due to a defective storm water drainage pipe and collapsed inlet that the Borough and PennDOT have allegedly failed to repair. The Borough asserts the present action is barred by the doctrine of *lis pendens* based on another prior pending action. In the alternative, it avers the matter should be stayed pending resolution of that action. The Borough and PennDOT also filed demurrers to the respective counts against them. As the preliminary objections have been briefed and argued, they are now ripe for disposition.

## I.    THE AMENDED PETITION

In their Amended Petition, the Stefanos allege as follows. The Stefanos reside at 5372 Baptist Road in the Borough in a home situated at a lower elevation than Baptist Road. (Am. Pet. ¶¶ 5-6.) There is a storm water drainage pipe and inlet located at the curb, which the Stefanos allege is the responsibility of the Borough and/or PennDOT to maintain and repair. (*Id.* ¶¶ 7-9.) In December 2022, the Borough and PennDOT inspected the storm water pipe and inlet with a camera and discovered the bottom of the storm water drainage pipe deteriorated and the inlet collapsed. (*Id.* ¶¶ 10-13.) As a result, the Stefanos allege large amounts of storm water are infiltrating and damaging their property. (*Id.* ¶¶ 14, 16-18.) According to the Stefanos, the Borough and PennDOT both believe the other is responsible for repairs. (*Id.* ¶ 21.)

The Amended Petition sets forth three counts. The first count seeks declaratory relief against the Borough and PennDOT. As to the Borough, the Stefanos allege the Borough "engaged in the alteration or development of land adjacent to [the Stefanos' p]roperty," for which the storm water draining pipe and inlet were installed, and that the Borough "approved, altered and/or developed the

2

land adjacent to [the Stefanos' p]roperty in such a manner as to increase the rate of storm water run-off." (*Id.* ¶¶ 37-38.) In the alternative, the Stefanos aver the Borough "approved, altered and/or developed the land adjacent to [the Stefanos' p]roperty in such a manner as to result in injury to health, safety[,] and property, specifically [the Stefanos']." (*Id.* ¶ 39.) The Borough's alterations and/or its failure to maintain or repair the storm water drainage pipe and inlet, according to the Stefanos, altered the natural flow of surface water or increased the flow of storm water runoff causing damage to the Stefanos' property in violation of the Storm Water Management Act (SWMA).[1] (*Id.* ¶¶ 41-42.) Alternatively, they allege if the Borough did not adopt a storm water management plan, this violates the SWMA or the Borough's own ordinances. (*Id.* ¶ 42.) As to PennDOT, the Stefanos aver that, as a state route, PennDOT had an obligation under the State Highway Law,[2] which it recognized in its own publications, to maintain and repair the storm water drainage pipe and inlet, which PennDOT has not done. (*Id.* ¶¶ 44-53.) For relief, the Stefanos ask the Court to declare the Borough or PennDOT is responsible for the maintenance, repair, or replacement of the storm water drainage pipe and inlet. (*Id.*, Count I Wherefore Clause.)

In Counts II and III of the Amended Petition, the Stefanos seek mandamus against the Borough and PennDOT, respectively, alleging the Borough or PennDOT, individually or in conjunction with one another, has a duty to maintain and repair the storm water drainage pipe and inlet, which they have refused to do. (*Id.* ¶¶ 54-60 (the Borough); 61-67 (PennDOT).) The Stefanos request the Court enter an order directing the Borough and/or PennDOT "to implement or cause to be implemented repairs to the defective storm water drainage pipe and collapsed inlet and return [the

---

[1] Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §§ 680.1-680.17.
[2] Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. §§ 670.101-670.1102.

Stefanos' p]roperty as closely as possible to its pre[]existing hydrologic conditions and not merely shift the burden to adjacent properties or cause harm to the environment." (*Id.*, Count II Wherefore Clause (the Borough); Count III Wherefore Clause (PennDOT).) They also ask the Court to retain jurisdiction to ensure the compliance with the order and grant any other just and appropriate relief. (*Id.*)

## II. THE PRELIMINARY OBJECTIONS

Both the Borough and PennDOT filed preliminary objections to the Amended Petition. In its preliminary objections, the Borough asserts Mrs. Stefano filed a civil action in the Court of Common Pleas of Allegheny County (common pleas), alleging negligence, violations of the SWMA, and continuing trespass, and seeking mandamus against the Borough and PennDOT in 2019, a few years before initiating the instant matter in this Court's original jurisdiction. Thus, according to the Borough, the Amended Petition before this Court should be dismissed based on the prior action pending before common pleas under the doctrine of *lis pendens*. In the alternative, the Borough asks the Court to stay the instant matter pending the outcome of the proceedings before common pleas. The Borough maintains the parties,[3] rights in question, and relief sought are the same between the instant matter and the common pleas' action. The Borough also asserts a demurrer as to the mandamus count against it (Count II), asserting the Stefanos cannot establish the elements of mandamus. Specifically, it alleges the Stefanos have not identified any ministerial act or mandatory duty for the Borough to repair the storm water drainage

---

[3] The Borough acknowledges only Ms. Franklin, a/k/a Mrs. Stefano, is the plaintiff in the action before common pleas but asserts her husband's inclusion in the instant matter does not alter the applicability of the doctrine. (Borough's Brief (Br.) at 10.) The Borough also asserts that the Stefanos' subsequent withdrawal of the mandamus count before common pleas does not preclude application of the doctrine. (*Id.* at 10 n.1.)

4

pipe and inlet. Moreover, the Borough asserts even the Stefanos acknowledge that PennDOT may be responsible, thereby foreclosing mandamus relief, because their right to relief against the Borough is not clear, based on the Stefanos' own admission. Finally, the Borough claims that alternative remedies exist, as evidenced by the common pleas' suit. The Borough requests the Court sustain its preliminary objections and dismiss the Amended Petition with prejudice.

In its preliminary objections, PennDOT asserts a demurrer challenging the legal sufficiency of the Stefanos' claims. Specifically, PennDOT argues the Secretary of Transportation (Secretary) is vested by the State Highway Law with the authority to determine what type of maintenance to provide and here PennDOT only provides maintenance of open surface drainage facilities, not enclosed facilities such as the storm water drainage pipe. Likewise, PennDOT asserts it is responsible only for inlet grates, not the inlet box, which is the problem here. PennDOT also demurs to the declaratory judgment count on the basis alternative remedies exist, namely the trespass and negligence claims before common pleas. Lastly, PennDOT seeks a demurrer of the mandamus count, pointing again to the discretion it has over maintenance.

### III.   THE STEFANOS' RESPONSE

In response to the preliminary objections, the Stefanos acknowledge filing the separate civil action in common pleas but assert they subsequently sought leave to amend that complaint to dismiss the mandamus count against the Borough and PennDOT. Thus, according to the Stefanos, the Borough's preliminary objection based on *lis pendens* is moot. The Stefanos deny PennDOT's assertion that an alternative remedy to declaratory relief is available. The Stefanos argue the purpose

5

of the declaratory judgment action is for a court to determine who is responsible for the storm water drainage pipe and inlet, while the remaining claims in common pleas are to compensate them for the damage to their property. According to the Stefanos,

> [w]hat is critical at this stage is a determination by this Honorable Court as to which of the governmental entities is responsible for the necessary repairs. Without corrective action being taken to address that storm water drainage pipe, [the Stefanos] will continue to experience water infiltration into their [p]roperty. As such a stay of the action is unwarranted.

(The Stefanos' Brief (Br.) at 6.)

The Stefanos also dispute PennDOT's claim that they have failed to identify statutory authority for declaratory relief. They assert PennDOT is misinterpreting Section 513 of the State Highway Law as providing "complete discretion" to the Secretary as to what maintenance is to be performed when, in the Stefanos' view, it only provides the Secretary with discretion as to the width and type of highway. For support it points to Section 401 of the State Highway Law, which provides PennDOT "shall construct or improve, and thereafter maintain and repair, at the cost and expense of the Commonwealth, the highways forming the plan or system of the State highways, in the several counties and townships." 36 P.S. § 670-401. Because PennDOT and the Borough dispute which entity is responsible for the storm water drainage pipe and inlet, the Stefanos argue their declaratory judgment action is appropriate.

The Stefanos also assert, contrary to the Borough's and PennDOT's positions, that they have stated a claim for mandamus relief. They argue that once a determination is made as to which Respondent is responsible for the maintenance and repairs, it follows that the Court should be able to direct that entity to perform that duty.

6

## IV. DISCUSSION

### A. *Prior Pending Action/Lis Pendens*

We begin with the Borough's assertion that the prior pending action before common pleas bars this action from moving forward, either by requiring its dismissal outright or, at a minimum, staying the matter pending resolution of the other action. Rule 1028(a)(6) of the Pennsylvania Rules of Civil Procedure permits a party to file a preliminary objection based on the pendency of a prior action. Pa.R.Civ.P. 1028(a)(6). "The doctrine of *lis pendens,* i.e. pendency of a prior action, applies when, in the previously filed case, the parties are the same, the rights are the same and the requested relief is the same." *Swift v. Radnor Township*, 983 A.2d 227, 234 (Pa. Cmwlth. 2009). The purpose of the doctrine is to "protect[] defendants from the harassment of having to defend several suits on the same cause of action at the same time." *Id.* It also promotes judicial economy by avoiding "the duplication of effort and waste of judicial resources that would result from allowing both cases to proceed simultaneously, in a race to judgment." *Feldman v. Lafayette Green Condo. Ass'n*, 806 A.2d 497, 502 (Pa. Cmwlth. 2002). Whether *lis pendens* applies is strictly a legal question. *Swift*, 983 A.2d at 234. *Lis pendens* "requires proof the prior case is the same, the parties are substantially the same, and the relief requested is the same." *Hillgartner v. Port Auth. of Allegheny Cnty.*, 936 A.2d 131, 138 (Pa. Cmwlth. 2007); *see also Baron v. Dep't of Hum. Servs.*, 169 A.3d 1268, 1276 n.6 (Pa. Cmwlth. 2017). "The court must determine whether the causes of action arose from the same transaction or occurrence, that is, whether the claims involve a common factual background or common legal question." *Swift*, 983 A.2d at 234.

Here, while the facts underlying the claims are the same, the relief requested in this Court and in common pleas differ. Here, the Stefanos request a declaration

7

that either the Borough or PennDOT is responsible for the storm water drainage pipe and inlet and an order directing the Borough or PennDOT to make the repairs. (Am. Pet., Counts I-III Wherefore Clauses.) By contrast, in the action before common pleas, in addition to an order directing the Borough or PennDOT to make the necessary repairs, there is also a request for monetary damages for the storm water infiltration and reduced property value, along with damages for loss of the reasonable use and enjoyment of the property. (Common Pleas' Am. Compl., Counts I-VIII Wherefore Clauses.) We have held *lis pendens* is not applicable when the relief sought between the two actions differs. *See, e.g.*, *Chester Cmty. Charter Sch. v. Dep't of Educ.* (Pa. Cmwlth., No. 351 M.D. 2023, filed July 3, 2024), slip op. at 9 (holding doctrine of *lis pendens* not applicable as relief sought differed because one suit sought reimbursement for funds allegedly overbilled or improperly withheld while the other sought declaratory, injunctive, and mandamus relief); *Gwynedd Club Condo. Ass'n v. Dalhquist* (Pa. Cmwlth., Nos. 1628 & 1816 C.D. 2017, filed April 15, 2019), slip op. at 13 (holding criteria for *lis pendens* not met because relief was not the same where one sought money damages and the other sought enforcement).[4] Because the relief sought in this matter and the action pending before common pleas is not the same, *lis pendens* is not applicable. Accordingly, we overrule the Borough's preliminary objection on this basis.[5] As for the Borough's request, in the alternative, to stay this matter pending disposition of the common pleas' case, we will address the parties' demurrers first, as our disposition of those preliminary objections may render the Borough's request moot.

---

[4] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[5] Given our conclusion that the same relief prong is not satisfied, we need not address the other two prongs of the *lis pendens* test.

*B.    Demurrers*

Both the Borough and PennDOT filed demurrers to the Amended Petition. "A demurrer tests the legal sufficiency of the [petition for review]." *Commonwealth by Shapiro v. UPMC*, 208 A.3d 898, 908 (Pa. 2019) (internal quotation marks omitted). When ruling on preliminary objections, the Court must accept all well-pleaded factual allegations as true, along with any inferences reasonably deduced therefrom. *Neely v. Dep't of Corr.*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003). The Court is not bound, however, "by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018). The "question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005).

As both Respondents seek to demur the mandamus count against them, we will begin with those preliminary objections next. We recently explained mandamus actions in *Seguro Medico, LLC v. Humphreys*:

> Meaning "we command" in Latin, Black's Law Dictionary 1046-47 (9th ed. 2009), mandamus is an extraordinary writ. *Arroyo v. Pappert*, 876 A.2d 1073, 1075 n.4 (Pa. Cmwlth. 2005). "The purpose of mandamus is not to establish legal rights, but to enforce those rights which are already established." *Id.* Our Supreme Court has said that petitioners must satisfy three elements for mandamus to be appropriate: "(1) a clear legal right in the petitioner, (2) a corresponding duty in the respondent, and (3) an absence of any other appropriate or adequate remedy." *Equitable Gas Co. v. City of Pittsburgh*, . . . 488 A.2d 270, 272 ([Pa.] 1985). Mandamus relief "can never be invoked in a doubtful case[,]" so "[w]here doubt as to the [petitioner]'s right or [respondent]'s duty exists, **the remedy is neither appropriate nor available**." *Id.* at 273 (internal citation and quotation marks omitted) (emphasis added).

9

> Finally, "[t]he burden of proof falls upon the party seeking this extraordinary remedy to establish [its] legal right to such relief." *Sinkiewicz v. Susquehanna Cnty. Bd. of Comm'rs*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015) (quoting *Werner v. Zazyczny*, . . . 681 A.2d 1331, 1335 ([Pa.] 1996)). At the preliminary objections stage, we will sustain a demurrer to a petition for review requesting mandamus where a party "has failed to establish a clear right to relief in mandamus." *Raleigh v. Pa. Hum. Rels. Comm'n*, 660 A.2d 177, 180 (Pa. Cmwlth. 1995).

313 A.3d 298, 307-08 (Pa. Cmwlth. 2024). Further, "[a] writ of mandamus is an extraordinary remedy used to compel official performance of a ministerial act," which is an act that "a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act." *Council of City of Phila. v. Street*, 856 A.2d 893, 896 (Pa. Cmwlth. 2004).

This Court's opinion in *Cognata v. Municipality of Norristown* (Pa. Cmwlth., No. 1326 C.D. 2018, filed July 23, 2019), is analogous to the claims here. There, landowners asserted various claims including mandamus against a municipality related to storm water drainage and erosion to their property. We concluded "the act that [the l]andowners sought to have performed – repair of the culvert – is not a ministerial act." *Id.*, slip op. at 12. We further held that the landowners' right to relief was not clear because it was disputed which entity was responsible for repairs. *Id.* at 14. We reasoned "[t]hat recognition alone precludes the grant of mandamus relief, as it was unclear" which entity was responsible. *Id.* We explained, "[t]he purpose of a writ of mandamus 'is to enforce legal rights already clearly established,' not to establish legal rights that did not previously exist." *Id.* (quoting *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014)) (emphasis omitted). In addition, we concluded the landowners had an adequate remedy at law as evidenced

10

by their tort and contract claims or they could file an action for injunctive or declaratory relief. *Id.* at 14-15.

For similar reasons, the Stefanos' mandamus claims against the Borough and PennDOT cannot succeed here. As in *Cognata*, it has not yet been determined who is responsible for the storm water drainage pipe and inlet, something the Stefanos freely admit. Mandamus is only available to enforce clearly established rights not to establish those rights in the first instance. *Id.* at 14; *Tindell*, 87 A.3d at 1034. Moreover, the Stefanos have an adequate remedy at law having asserted tort claims before common pleas, as did the landowners in *Cognata*. Thus, regardless of whether the Stefanos can show a duty on the part of Respondents, which we need not resolve, the Stefanos have not established either a clear right to relief or the absence of any other appropriate or adequate remedy, two other elements of a mandamus claim. *Seguro Medico*, 313 A.3d at 308. Therefore, we sustain the Borough's and PennDOT's preliminary objection to the mandamus counts.

This leaves Count I, the Stefanos' claim for declaratory relief against both Respondents. PennDOT argues its demurrer to this count should be sustained because the Stefanos have not stated a claim for such relief.[6] It asserts multiple reasons for sustaining its preliminary objection, including that there are "more established and available remedies for the damages alleged" that "are more appropriate than a declaratory judgment action." (PennDOT's Preliminary Objections ¶ 28.) The Borough did not demur to Count I, but, as discussed above, did request a stay of the proceedings before this Court while the common pleas' action is litigated.

---

[6] The Borough demurred only to Count II.

11

It is well settled that "courts shall have the power to 'declare rights, status, and other legal obligations' under Section 7532 of the Declaratory Judgments Act [DJA], 42 Pa. C.S. § 7532." *T.G.A. v. Dep't of Educ.*, 302 A.3d 830, 839 n.8 (Pa. Cmwlth. 2023). "Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." Section 7541(a) of the DJA, 42 Pa.C.S. § 7541(a). We have held that "an action seeking declaratory judgment is not an optional substitute for established or available remedies and should not be granted where a more appropriate remedy is available." *Pittsburgh Palisades Park, LLC v. Pa. State Horse Racing Comm'n*, 844 A.2d 62, 67 (Pa. Cmwlth. 2004). "Where another remedy has already been sought in a pending proceeding, a declaratory judgment action should not ordinarily be entertained." *Id.* However, we are also cognizant that the General Assembly expressly stated "that the principle rendering declaratory relief unavailable in circumstances where an action at law or in equity . . . is available has unreasonably limited the availability of declaratory relief" and declared that principle "abolished." 42 Pa.C.S. § 7541(b). Thus, we decline to sustain PennDOT's preliminary objection on this basis.

Notwithstanding, we agree with the general principle that requiring the parties to litigate the declaratory judgment claim as to which Respondent, if either, is responsible for the storm water drainage pipe and inlet and has a duty to maintain and repair them in this Court, while simultaneously litigating whether Respondents have a duty to maintain and repair those facilities and breached that duty as part of the negligence claim before common pleas does not promote judicial economy, *Feldman*, 806 A.2d at 502, or worse, it could lead to inconsistent results. In such situations, although the three-part test of *lis pendens* was not strictly met, we have

stayed the later filed action until the earlier one is decided on the merits. *See, e.g.*, *POM of Pa., LLC v. Bureau of Liquor Control Enf't* (Pa. Cmwlth., No. 222 M.D. 2022, filed July 10, 2023). Our sister court has reached the same conclusion, reasoning that "an abeyance may be appropriate even where the petitioner cannot strictly meet the [*lis pendens*] test if the two actions would 'create a duplication of effort on the part of the parties and waste judicial resources by requiring two courts . . . to litigate a matter that in all likelihood could be fully addressed in one forum.'" *PNC Bank, Nat'l Ass'n v. Bluestream Tech., Inc.*, 14 A.3d 831, 835 (Pa. Super. 2010) (quoting *Norristown Auto. Co., Inc. v. Hand,* 562 A.2d 902, 905 (Pa. Super. 1989).) *See also id.* at 839 (holding a stay of the later filed action is appropriate to avoid the "unseemly spectacle of a race to judgment") (citation omitted). Here, although the elements of *lis pendens* may not have been strictly met, given the common set of facts and the overlap in legal theories, which necessarily requires a determination as to which is responsible for the maintenance and repair, we conclude a stay of this matter is warranted until the common pleas action is resolved.[7]

## V. CONCLUSION

Because the relief sought before this Court and common pleas differ, we must overrule the Borough's preliminary objection on the basis of the doctrine of *lis pendens*. However, we sustain the Borough's and PennDOT's preliminary objections in the nature of a demurrer as to the mandamus claims, as the Stefanos have not shown a clear right to relief or that an alternative, adequate remedy does

---

[7] The Court was troubled to hear at oral argument that there are still preliminary objections pending in the trial court action, particularly given that matter predates the filing of the instant matter by nearly four years. At oral argument, the parties gave varying accounts as to whom any delay is attributable. Whatever the reason for the delay, the Court expects the trial court matter to be diligently pursued and resolved in a timely manner.

13

not exist. Thus, Counts II and III of the Amended Petition are dismissed. We also overrule PennDOT's demurrer as to the declaratory judgment claim in Count I. Because a common set of facts underlie this action and the action before common pleas and because the elements of some of those claims before common pleas, namely whether a duty existed and was breached, overlap with the declaratory relief sought in this matter, we stay the litigation of Count I of the instant action pending disposition of the common pleas' litigation.

**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas P. Stefano and Deborah L., : 
Franklin a/k/a Deborah L. Stefano, : 
individually and as husband and wife, : 
                Petitioners : 
                 : 
            v. :   No. 250 M.D. 2023
                 : 
Whitehall Borough, a Pennsylvania : 
home rule community, and : 
Commonwealth of Pennsylvania : 
Department of Transportation, : 
a Commonwealth government agency, : 
                Respondents : 

## O R D E R

**NOW**, November 7, 2024, the preliminary objection of Whitehall Borough, a Pennsylvania home rule community (the Borough), based on the doctrine of *lis pendens* is **OVERRULED**. The preliminary objections filed by the Borough and the Commonwealth of Pennsylvania, Department of Transportation, a Commonwealth government agency (PennDOT) to the mandamus counts are **SUSTAINED**, and Counts II and III of the Amended Complaint for Declaratory Judgment (Amended Petition) filed by Thomas P. Stefano and Deborah L. Franklin a/k/a Deborah L. Stefano, individually and as husband and wife, are **DISMISSED**. PennDOT's preliminary objection to Count I of the Amended Petition is **OVERRULED**.

This action is **STAYED** pending a final order of the Court of Common Pleas of Allegheny County (common pleas) in *Deborah Franklin v. Whitehall Borough et*

*al.* (Com. Pl., No. GD 19-014126). The parties shall file a joint status report within 30 days of common pleas' final order or by May 5, 2025 whichever is sooner.

_____
**RENÉE COHN JUBELIRER,** President Judge